**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

SARA C. ALDRICH

      Plaintiff,

v.

WALMART INC.

      Serve:  C T Corporation System
              4701 Cox Rd., Ste 285
              Glen Allen, VA, 23060-6808

      Defendant.

Civil Action No. 2:20cv _____

**COMPLAINT** – Americans with
Disabilities Act, Family and
Medical Leave Act

**JURY TRIAL DEMANDED**

## COMPLAINT

The Plaintiff, Sara C. Aldrich, files this Complaint against Walmart, Inc., the Defendant, and moves the Court for entry of judgment in her favor, against the Defendant, as set forth herein.

## NATURE OF ACTION

1.      Plaintiff, Sara C. Aldrich, brings this action for damages and injunctive relief to redress Defendant's violations of the American's with Disabilities Act and Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101, *et seq.* (the "ADA"), and intentional violations of the Family and Medical Leave Act, 29 U.S.C. §§ 2614 and 2615 (the "FMLA").

## JURISDICTION AND VENUE

2.      This action is brought pursuant to the Americans with Disabilities Act and Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101, *et seq.* (the "ADA"), and the Family and Medical Leave Act ("FMLA"). Jurisdiction is founded upon 28 U.S.C §§ 1331, 1343, and 1367, and 29 U.S.C. § 2617.

1

3.      The unlawful employment practices described herein were committed within the judicial district of this Court, in Virginia Beach, Virginia, and the Defendant is located within the judicial district of this Court. Venue is properly laid in this court pursuant to 28 U.S.C. § 1391.

## PARTIES TO THIS ACTION

4.      Sara C. Aldrich (hereinafter "Mrs. Aldrich" or "Plaintiff") is a citizen of the United States and a resident of Suffolk, Virginia.

5.      Defendant, the Walmart Inc. (hereinafter "Defendant" or "Walmart"), is a multi-billion-dollar retailer. Upon information and belief, Defendant employs over 440,000 full-time and part-time employees and employed more than 50 employees within a 75 mile radius of Plaintiff's work location. Defendant has many locations throughout the Hampton Roads area, including the location on Nimmo Parkway in Virginia Beach, Virginia at which the conduct and practices giving rise to this action occurred.

6.      Mrs. Aldrich was an "qualified individual with a disability" as defined by the ADA.

7.      Mrs. Aldrich had a "serious health condition" as defined by FMLA and at times was incapacitated by her health conditions. Mrs. Aldrich had a heart transplant and suffered from heart failure.

8.      Mrs. Aldrich was an "eligible employee" as defined by FMLA, as she worked for Defendant, a covered employer, for at least 12 months and completed at least 1,250 hours of service preceding her intermittent leave.

9.      Defendant was an employer within the meaning of the ADA and the FMLA at all times material to this action. Defendant employed 50 or more employees at its Nimmo Parkway,

Virginia Beach location for 20 or more work weeks during Mrs. Aldrich's employment and preceding the termination of her employment on July 21, 2018.

10.     Mrs. Aldrich's Store Manager, Melissa Conway (hereinafter the "Store Manager or Conway"), her Market Human Resources Manager, Linda Washington (hereinafter the "Human Resources Manager" or "Washington"), and her Assistant Store Manager, Nicole Johns (hereinafter the "Assistant Manager" of "Johns"), were agents of and acted on behalf of Defendant at all times material to this action.

## PROCEDURAL REQUIREMENTS

11.     On March 26, 2019, Mrs. Aldrich filed a charge of discrimination against Defendant with the Equal Opportunity Employment Commission ("EEOC"). (Attached hereto as Exhibit 1).

12.     More than 60 days have elapsed since Mrs. Aldrich filed her discrimination charge with the EEOC.

13.     Mrs. Aldrich received a notice of dismissal and right to sue from the EEOC dated September 10, 2020, and fewer than 90 days have elapsed since Mrs. Aldrich received the notice on or about September 12, 2020. (Attached hereto as Exhibit 2).

## FACTUAL BACKGROUND

14.     Mrs. Aldrich is a 42-year-old female, who currently resides in Suffolk, Virgnia.

15.     Mrs. Aldrich suffered from heart problems and had a heart transplant.

16.     Mrs. Aldrich informed Walmart that she had a serious health condition, which affected her major life activities and affected her ability to breathe, walk or even perform minor tasks.

3

17.     Mrs. Aldrich's impairment substantially limits a major life activity in that it substantially limits her ability to perform even light duty manual tasks and she would often be confined to bed, requiring oxygen.

18.     Mrs. Aldrich was hired at Defendant's Nimmo Parkway location as an electronics associate on or around October 23, 2007.

19.     Mrs. Aldrich was employed full-time and earned $12.32 per hour and enjoyed all of the full-time benefits provided by Walmart.

20.     Mrs. Aldrich's employment was terminated on July 21, 2018.

21.     Mrs. Aldrich's job performance was satisfactory or better and she received job reviews each year detailing that she was meeting or exceeding all performance expectations, throughout her employment with Defendant.

22.     Mrs. Aldrich was able to perform her job duties with or without a reasonable accommodation.

23.     Mrs. Aldrich provided Defendant with a doctor's note outlining her permanent work restrictions and informed Defendant that she would occasionally need time off for medical appointments and flare ups of her condition.

24.     Mrs. Aldrich requested a reasonable accommodation of time off for medical appointments and flare ups in January 2018.

25.     Defendant considered Mrs. Aldrich disabled within the meaning of the ADA and initially allowed her time off, as requested.

26.     Mrs. Aldrich had a serious health condition as defined by the FMLA, as her medical condition required inpatient care in a hospital and continuing treatment by a health care provider.

4

27.     Mrs. Aldrich did not encounter any employment-related issues in relation to her disability or work restrictions for the first several years she worked for Defendant, and she was able to perform the essential functions of her job with or without accommodations.

28.     Throughout the many years Mrs. Aldrich worked for Defendant, Mrs. Aldrich ensured that her managers and coworkers, as well as any newly hired managers and coworkers, were aware of her disability and work restrictions.

29.     Mrs. Aldrich required an accommodation of being allowed time off to attend medical appointments, leaving early if her health condition required her to leave and taking breaks as needed.

30.     In or around July 21, 2018, Store Manager, Melissa Conway began chastising and berating Mrs. Aldrich due to her medical absences and permanent work restrictions.

31.     Mrs. Aldrich informed Store Manager Conway that her absences were approved FMLA intermittent leave and the absences were caused by her serious health condition.

32.     Conway demanded that Mrs. Aldrich describe the medical issues that she experiences, which require her to call in sick.

33.     Conway indicated that she did not believe that Mrs. Aldrich was really ill and that she simply wanted a day off.

34.     Mrs. Aldrich explained that her illness was serious and that she spent a lot of time at the hospital or at home on oxygen, due to her heart condition.

35.     On July 21, 2018 Mrs. Aldrich was informed that her employment was being terminated due to her attendance and unapproved sick days.

36.     Other employees, who were not disabled, had accumulated more sick leave points and their employment was not terminated.

5

37.     Assistant Manager Nicole Johnson informed Mrs. Aldrich that Walmart's FMLA vendor, Sedgwick, had informed her that Mrs. Aldrich had some "unapproved" sick leave days and that her employment was being terminated.

38.     Mrs. Aldrich informed Johnson that she had been in contact with Sedgwick and that her heart coordinator at the hospital had made a mistake on the FMLA paperwork, but the heart coordinator was going to correct it and send it over to Sedgwick.

39.     Store Manager Conway told Mrs. Aldrich that she would check with Human Resources and contact Mrs. Aldrich on Monday, July 23, 2018.

40.     Store Manager Conway terminated Mrs. Aldrich's employment on July 21, 2018 and did not contact Mrs. Aldrich on July 23, 2018.

41.     Mrs. Aldrich learned that her employment had been terminated on July 21, 2018 when she went to Walmart pharmacy on July 26, 2018 and was informed that her insurance had been terminated on the same day of the termination of her employment, July 21, 2018.

42.     Mrs. Aldrich voiced an internal complaint, via email, on July 29, 2018 to Human Resources Manager Linda Washington and Walmart's ethics department.

43.     Mrs. Aldrich indicated that she had been intentionally discriminated against and that Store Manager Conway had intentionally violated her FMLA rights and denied her a reasonable accommodation.

44.     On or about August 8, 2018, Mrs. Aldrich received a letter indicating that her employment had been terminated.

45.     Mrs. Aldrich was never informed that she had exhausted her FMLA leave.

46.     Store Manager Conway refused to authorize FMLA leave for Mrs. Aldrich.

47.     Store Manger Conway discouraged Mrs. Aldrich from using FMLA leave.

6

48.     Store Manager Conway used Mrs. Aldrich's request for or use of FMLA leave as a negative factor in employment actions and disciplined her for taking required FMLA leave.

49.     Store Manager Conway admittedly and openly counted FMLA leave against Mrs. Aldrich under Walmart's attendance policies.

50.     Store Manager Conway denied Mrs. Aldrich's reasonable accommodation of time off to attend medical appointments and attend to her medical needs.

51.     Even after learning that Walmart had violated the Family Medical Leave Act and denied Mrs. Aldrich's reasonable accommodation request for time off and discharged Mrs. Aldrich, in violation of the Americans with Disabilities Act, Walmart refused to reinstate Mrs. Aldrich.

### COUNT I: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT AND AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT

52.     Mrs. Aldrich repeats, realleges, and repleads all allegations set forth in paragraphs 1 through 51 in this count as though the same were fully and specifically set forth in detail.

53.     Mrs. Aldrich suffers from an impairment and had a serious heart condition, for which she required time off to attend medical appointments and occasionally needed to take breaks or leave work prior to the end of her shift, due to her heart condition.

54.     Mrs. Aldrich has a disability within the meaning of the ADA, as she has a physical impairment that substantially limits one or more major life activities such as breathing and being able to perform even basic tasks, such as getting out of bed, walking, or performing any other manual task.

55.     Mrs. Aldrich was qualified to perform the job of electronics associate and had performed the essential functions of the position with or without reasonable accommodations and without issue from October 23, 2007 until July 21, 2018.

7

56.     Mrs. Aldrich's disability and her permanent work restrictions were documented in her employee file, the Assistant Manager and Store Manager were all well aware of Mrs. Aldrich's disability and need for accommodations, and Mrs. Aldrich persistently reminded her Managers of her permanent work restrictions and requested accommodations to comply with her restrictions.

57.     Providing Mrs. Aldrich an accommodation of time off to attend medical appointments, occasionally short breaks, or to leave work prior to the end of her shift clearly would have been reasonable since she had been provided such an accommodation for many years prior to July 21, 2018 without any issues arising.

58.     Defendant failed to provide a reasonable accommodation of allowing time off to attend medical appointments, that would allow Mrs. Aldrich to work within her permanent work restrictions in violation of the ADA.

59.     Mrs. Aldrich was maliciously subjected to teasing and was berated by her Store Manager because she had a disability, Store Manager Melissa Conway told her that she was faking her disability.

60.     The behavior of Store Manager Melissa Conway was not welcomed by Mrs. Aldrich, and she asked her to stop teasing her, berating her, and claiming her disability was fake.

61.     The behavior of Store Manager Melissa Conway was motivated by the fact that Mrs. Aldrich has a disability and because she asked for reasonable accommodations.

62.     Store Manager Melissa Conway terminated Mrs. Aldrich because of her disability and denied her a reasonable accommodation in violation of the ADA.

63.     Mrs. Aldrich was discriminated against because of her disability in violation of the ADA.

8

64.     Defendant's acts were done with malice or reckless indifference to Mrs. Aldrich's federally protected rights under the ADA.

65.     Store Manager Melissa Conway served the employer in a managerial capacity, committed the intentional discrimination at issue while acting in the scope of employment, and the employer did not engage in good faith efforts to comply with the ADA, even after being informed of Mrs. Aldrich's termination and that she was terminated due to her disability.

66.     As a direct and proximate result of Defendant's actions, Mrs. Aldrich has suffered and continues to suffer from injury and damages including embarrassment, inconvenience, humiliation, pain, suffering, loss of income, litigation expense and attorney's fees, medical expenses, consequential damages, and other injuries.

## COUNT II: VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT

67.     Mrs. Aldrich repeats, realleges, and repleads all allegations set forth in paragraphs 1 through 66 in this count as though the same were fully and specifically set forth in detail.

68.     Mrs. Aldrich's heart condition was a serious health condition within the meaning of the FMLA as it was an illness that involved an incapacity which required hospitalization and continuing treatment by a health care provider.

69.     As a result of her heart condition and instructions to remain out of work, Mrs. Aldrich decided to seek FMLA leave.

70.     Defendant is a "covered employer" as defined by the FMLA as it employs 50 or more employees in 20 or more workweeks in the current or preceding calendar year.

71.     Mrs. Aldrich was an "eligible employee" as defined by the FMLA, as she worked for Defendant for at least 12 months and worked at least 1,250 hours of service for Defendant during the 12 month period immediately preceding her leave.

9

72.     Mrs. Aldrich gave her Managers appropriate notice of her need to be absent from work and requested the appropriate FMLA paperwork.

73.     Mrs. Aldrich's Managers refused to allow her intermittent FMLA leave.

74.     Mrs. Aldrich was entitled to leave under the FMLA as a result of her serious health condition.

75.     Defendant interfered with the exercise of Mrs. Aldrich's right to unpaid FMLA leave.

76.     Defendant knew or showed reckless disregard for whether its conduct was prohibited by the law.

77.     Mrs. Aldrich was never informed that she had exhausted her FMLA leave.

78.     Store Manager Conway refused to authorize FMLA leave for Mrs. Aldrich.

79.     Store Manger Conway discouraged Mrs. Aldrich from using FMLA leave.

80.     Store Manager Conway used Mrs. Aldrich's request for or use of FMLA leave as a negative factor in employment actions and disciplined her for taking required FMLA leave.

81.     Store Manager Conway admittedly and openly counted FMLA leave against Mrs. Aldrich under Walmart's attendance policies.

82.     When Mrs. Aldrich attempted to return to work, her Managers denied her the right to return to her position and terminated her employment on July 21, 2018.

83.     When Mrs. Aldrich contacted Defendant's Human Resourced Department to attempt to complain, she was not assisted and Human Resources was aware that a FMLA violation had occurred.

84.     Defendant interfered with and denied the attempted exercise of Mrs. Aldrich's protected rights under the FMLA in violation of 29 U.S.C. §§ 2614 and 2615.

85.     Defendant's conduct complained of herein was willful and intentionally interfered with and denied the attempted exercise of Mrs. Aldrich's protected rights under the FMLA.

86.     Mrs. Aldrich invoked her rights under FMLA and she suffered an adverse employment action, as her employment was terminated, and the termination of her employment (the adverse decision) was causally connected to her invocation of her FMLA rights.

87.     As a direct and proximate result of Defendant's actions, Mrs. Aldrich has suffered and continues to suffer from injury and damages including inconvenience, loss of employment, loss of income, including wages, employment benefits, interest and other pecuniary losses, litigation expense and attorney's fees, consequential damages, and other injuries.

**PRAYER FOR RELIEF**

WHEREFORE, Mrs. Aldrich requests judgment against Defendant as follows:

A.     Appropriate declaratory relief declaring the acts and practices of Defendant to have been in violation of Mrs. Aldrich's rights as secured by the Americans with Disabilities Act of 1990 and the Americans with Disabilities Act Amendment Act of 2008, 42 U.S.C. § 12101, *et seq.*; and the Family and Medical Leave Act, 29 U.S.C. §§ 2614 and 2615;

B.     Permanently enjoin Defendant, its assigns, successors, agents, employees, and those acting in concert with them from engaging in unlawful discrimination against employees;

C.     For appropriate compensatory damages against Defendant for violations of the ADA in amounts no less than $500,000.00.

D.     For appropriate awards of back pay, front pay, and liquidated damages against Defendant for violations of the FMLA;

E.     For an award of appropriate punitive damages in the amount of $500,000.00.

F.      For an award to Mrs. Aldrich of her attorney's fees and costs incurred in this action, together with expert witness fees and expenses;

G.      For an award of any additional amounts necessary to offset the adverse tax consequences of an award received in a lump sum;

H.      For an award of pre- and post-judgment interest on any monetary award; and

I.      For an award of any other relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Mrs. Aldrich demands a trial by jury on all issues so triable.

Respectfully submitted,
SARA C. ALDRICH

By: _____
Of Counsel

R. Barry Rowell (VSB #72255)
Klein Rowell & Shall, PLLC
3500 Virginia Beach Blvd. Ste. 110
Virginia Beach, VA 23452
Tel:  (757) 432-2500
Fax: (757) 432-2100
Email: Barry@KRSLaw.com
Attorney for Plaintiff